**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Polly Sorcan, Trustee for the Next of Kin of Ronald A. Debelak,

Plaintiff,

v.

EVTAC Mining Company,

Defendant.

Civil No. 00-232 (DWF/RLE)

**MEMORANDUM OPINION AND ORDER**

---

Mitchell J. Brunfelt, Esq., Colosimo Patchin Aronson & Kearney, 301 Chestnut Street, Virginia, MN 55792, for Plaintiff.

Gregory L. Peters, Esq., Seaton Beck & Peters, 7301 Ohms Lane, Suite 320, Edina, MN 55439, for Defendant.

---

## Introduction

The above-entitled matter is before the undersigned United States District Judge pursuant to Defendant's motion for summary judgment. In the Complaint, Plaintiff alleges age discrimination in employment in violation of the Minnesota Human Rights Act, Minn. Stat. § 363, *et seq.* ("MHRA") and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").[1] For the reasons set forth below, Defendant's motion is granted.

## Background

The parties provide an exhaustive factual history of this litigation, but, for purposes of this motion, the facts are quite simple.

---

[1] Additional claims in the Complaint have been dismissed pursuant to the stipulation of the parties.

FILED AUG 07 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD AUG 07 2001
DEPUTY CLERK

EVTAC Mining Company ("EVTAC") mines and processes taconite. Ronald A. Debelak (the initial plaintiff in this action, now deceased) began working for EVTAC in 1968. As of 1997, Debelak held the position of plant mobile maintenance foreman/area leader; this was a salaried position.

In 1997, EVTAC underwent a massive reorganization and reduction in force. On May 9, 1997, EVTAC notified a number of employees, including Debelak, that they could accept a Voluntary Early Retirement Incentive Program ("VERIP"). Eligible employees had to decide whether they would take the VERIP by June 23, 1997. EVTAC made it clear that some jobs might be cut after June 23, 1997. Debelak declined the VERIP.

By letter dated June 25, 1997, EVTAC notified Debelak that his position was being eliminated. EVTAC gave Debelak three options: (1) he could return to the bargaining unit as a non-salaried laborer with a new employee seniority number; (2) he could consider himself terminated; or (3) he could use his accrued vacation time and then go on lay-off status until he qualified for his 30-year pension on February 16, 1998.[2] Debelak chose the third option. Debelak's last day of work was June 28, 1997, although he technically remained a salaried employee until his vacation time ran out in early August of 1997.

Plaintiff has submitted an unauthenticated letter, dated June 22, 1998, over the name of Polly Sorcan, which appears to be a cover letter for Debelak's Employment Discrimination Questionnaire submitted to the Minnesota Department of Human Rights ("MDHR"). Neither the letter nor the questionnaire are signed, notarized, or otherwise authenticated. Debelak's charge

---

[2] In fact, EVTAC offered to allow Debelak to return to "work" on February 7, 1998–when his unemployment benefits would expire–and take his 1998 vacation time from that date until February 16, 1998. EVTAC further offered to pay life, health, and dental insurance for Debelak for one year.

of discrimination filed with the MDHR is signed and dated July 7, 1998; the date the document was filed with the MDHR is illegible, but is certainly on or after July 7, 1998.

**Discussion**

**1. Standard of Review**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank of Missouri*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" Fed. R. Civ. P. 1. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record which create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Krenik*, 47 F.3d at 957.

**2. Statute of Limitations**

To preserve a claim for employment discrimination under the MHRA, an individual must file a verified charge with the MDHR within one year of the occurrence of discrimination. *See*

*State by Khalifa v. Russell Dieter Enterprises, Inc.*, 418 N.W.2d 202, 206 (Minn. Ct. App. 1988) (discussing the "need for a 'verified' charge").[3] To preserve a claim for employment discrimination under the ADEA, an individual must file a verified charge with the EEOC within 300 days. *See Hodges v. Northwest Airlines, Inc.*, 990 F.2d 1030, 1032 (8th Cir. 1993) (finding that an unsigned letter did not meet the requirements for a verified charge under Title VII).

Here, the time for filing a verified charge began running on June 25, 1997, the date on which Debelak was notified of the adverse employment action which forms the basis of his claim. *See Delaware State College v. Ricks*, 449 U.S. 250, 101 S. Ct. 498 (1980) (discrimination occurred on date employee was notified of termination, not on his last day of work); *Turner v. IDS Financial Services, Inc.*, 471 N.W.2d 105, 107-08 (Minn. 1991) (a discriminatory act occurs when the employee becomes aware of it, not when it becomes most painful). Plaintiff did not submit a verified charge to the MDHR until, at the earliest, July 7, 1998. Plaintiff's verified charge was not submitted until after the time limitation expired.

It is true that the time limitation of the MDHR is not a jurisdictional prerequisite, and that it can be equitably tolled. However, the Plaintiff has offered no justification for his delay in filing the verified charge and thus is not entitled to equitable tolling.

---

[3] Plaintiff argues that the Khalifa case actually supports her position because, in that case, the Minnesota Court of Appeals found that an intake questionnaire and an attached police report constituted a "charge" for purposes of the MHRA; the court in Khalifa notes that the statute of limitations language in the MHRA does not specify that the charge filed must be verified. However, the court ultimately discusses the need for plaintiff to file a "verified charge" within the limitations period. The court goes on to note that a verified document is one supported by oath or affirmation. Here, the cover letter and intake questionnaire are neither signed nor notarized, and the questionnaire does not contain any language which could be construed as an oath.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. No. 11) is **GRANTED** and the **COMPLAINT** is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 7th, 2001

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: AUG 07 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500